# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| BRADLEY DWAYNE SELLERS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  3:21-CV-077-KAC-DCP |
| C/O SPARKS, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983. On May 12, 2021, the Court entered an order (1) notifying Plaintiff that he had not filed the required documents to proceed *in forma pauperis*, (2) providing him thirty (30) days from the date of entry of that order to do so, and (3) notifying him that failure to timely comply would result in the Court presuming he is not a pauper, assessing him with the full filing fee, and dismissing this action [Doc. 5, p. 1-2]. More than thirty (30) days have passed, and Plaintiff has not complied with that order or otherwise communicated with the Court. Accordingly, Plaintiff will be **ASSESSED** the $400 filing fee and this matter will be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

Rule 41(b) gives the Court authority to dismiss a case "[i]f the plaintiff fails to prosecute [a case] or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 Fed. Appx. 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

First, Plaintiff's failure to comply with the Court's previous order was due to his willfulness or fault, as it appears that Plaintiff received the Court's order but chose not to comply. Second, Plaintiff's failure to comply with the Court's order has not prejudiced Defendant, as the Defendant has not been served. Third, as noted above, the Court's order warned Plaintiff that failure to timely comply would result in assessment of the full filing fee and dismissal of this action [Doc. 5, p. 1-2]. Finally, the Court concludes that alternative sanctions are not appropriate, as Plaintiff sought to proceed *in forma pauperis* and has failed to comply with the Court's instructions. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

Moreover, "[w]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991) (emphasis in original). Nothing about Plaintiff's pro se status prevented him from complying with the Court's order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, Plaintiff will be **ASSESSED** the filing fee of $400.00 and this action will be **DISMISSED**. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Main Street, Suite 130, Knoxville, Tennessee 37902, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee

of $400.00 has been paid to the Clerk's Office. *See McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To ensure compliance with the fee-collection procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum opinion and the accompanying order to the Sheriff of Knox County and the Court's financial deputy. This order shall be placed in Plaintiff's institutional file and follow him if he is transferred to another correctional facility. The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Katherine A. Crytzer<br>
KATHERINE A. CRYTZER<br>
United States District Judge